# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-515-RJC-DCK

| | |
|---|---|
| ERIK SCHLEEHAUF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| PCL CONSTRUCTION, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant PCL Construction, Inc.'s Motion To Dismiss Plaintiff's Complaint" (Document No. 4). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I. BACKGROUND

Plaintiff Erik Schleehauf ("Plaintiff" or "Schleehauf"), proceeding *pro se*, initiated this action with the filing of a Complaint against PCL Construction[1] ("PCL" or "Defendant") in Mecklenburg County Superior Court on June 30, 2020. (Document No. 1-1). Plaintiff's claims seem to arise out of his employment with PCL as a Crane Operator. <u>Id.</u> at p. 7. Defendant removed this action to this Court on September 18, 2020 by filing a "Notice Of Removal." (Document No. 1). Plaintiff's Complaint states alleges for breach of contract, wrongful termination, and negligence. (Document No. 1-1, p. 4).

---

[1] Defendant notes that its correct name is PCL Construction, Inc. <u>See</u> (Document No. 4, p. 1). PCL Construction, Inc. is therefore substituted as Defendant in this action.

On September 25, 2020, Defendant filed the pending "Motion To Dismiss Plaintiff's Complaint" (Document No. 4) and its "Memorandum In Support Of Its Motion To Dismiss Plaintiff's Complaint" (Document No. 5). The Court issued a Roseboro Notice on November 3, 2020, which directed Plaintiff to file a response to the pending motion on or before November 20, 2020. (Document No. 6). The Court's Order indicated that "[f]ailure to file a timely and persuasive response will likely lead to the dismissal of this lawsuit." Id. According to the docket, Plaintiff did not file a response to the pending motion to dismiss. Instead, Plaintiff filed a motion for default judgment on November 12, 2020. (Document No. 7). Defendant responded to Plaintiff's motion for default judgment on December 9, 2020 by filing "Defendant's Opposition To Plaintiff's Motion For Default Judgment." (Document No. 10). Plaintiff filed a reply to Defendant's response on January 7, 2021. (Document No. 11). The docket further indicates that Plaintiff did not receive the Court's November 3, 2020 Roseboro Notice by mail; however, he picked up a copy of the Notice from the courthouse on January 27, 2021. Since that time, although Plaintiff was thus on notice of his right to respond to Defendant's motion to dismiss, Plaintiff *still* did not file a response.

The pending motion is now ripe for review and a recommendation to the presiding district judge.

## II. STANDARD OF REVIEW

**1. Motion To Dismiss Pursuant To Fed.R.Civ.P. 12(b)(2), 12(b)(4), and 12(b)(5)**

Pursuant to Federal Rule of Civil Procedure 4(h), plaintiffs have two options for serving a corporation in the United States. Under the first option, plaintiffs can serve a corporation in the United States "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed.R.Civ.P. 4(h)(1)(A). Rule 4(e)(1) provides for service to be made by "following state law for serving a

summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under North Carolina law, corporations can be served by either (1) delivering the summons and complaint directly "to an officer, director, or managing agent of the corporation" or to "an agent authorized by appointment or by law to be served;" or (2) by mailing the summons and complaint by "registered or certified mail" or "[b]y depositing with a designated delivery service" such documents, "addressed to the officer, director, or agent" or the authorized agent, "and obtaining a delivery receipt." N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)(a)-(d).

Alternatively, under the second option that plaintiffs have for serving a corporation in the United States under the Federal Rules, plaintiffs can either deliver or mail a copy of the summons and the complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed.R.Civ.P. 4(h)(1)(B). Thus, the North Carolina rules for effecting service upon a corporation and the Federal Rules are nearly identical – both require that the summons and complaint be addressed to a specific individual at the corporation rather than just to the corporation itself.

Under Federal Rule of Civil Procedure 12(b)(4), a defendant can move for dismissal "when process is insufficient." Darden v. PRA Grp., Inc., 2021 WL 1572566, at *3 (W.D.N.C. Apr. 21, 2021). When *service* is improper or insufficient, a defendant may challenge the claim for dismissal under Rule 12(b)(5), whereupon the Plaintiff then bears the burden of establishing that service has been performed according to the Rule. McRae v. Rogosin Converters, Inc., 301 F. Supp. 2d 471 (M.D.N.C. 2004); Colon v. Pencek, 2008 WL 4093694, at *2 (W.D.N.C. Aug. 28, 2008); Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996). Thus, "Rule 12(b)(4) concerns the sufficiency of the form of the process, rather than the manner or method by which it is served. Rule 12(b)(5) on the other hand, challenges the mode of delivery or the lack of delivery

of the summons and complaint." Davis v. Jobs & Adverts Online, Gmbh, 94 F. Supp. 2d 719, 721, n.5 (E.D. Va. 2000). Moreover, "[w]hen the process gives the defendant actual notice of the pendency of the action, the rules, in general are entitled to a liberal construction." Armco, Inc. v. Penrod-Stauffer Bldg. Systems, Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). If a defendant has received actual notice, "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Id. Still, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored…particularly when the means employed engender[] [] confusion" on the part of defendant. Id. "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998); accord Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). Federal Rule of Civil Procedure 12(b)(2) allows a defendant to bring a motion for lack of personal jurisdiction.

**2. Motion To Dismiss Pursuant To Fed.R.Civ.P. 12(b)(6)**

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

**Motion To Dismiss**

1. **Failure To State A Claim**

Defendant argues that Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Document No. 5, pp. 8-11). The undersigned will analyze each of Defendant's arguments with respect to the three individual claims below.

   a. **Breach of Contract**

Defendant first argues that "Plaintiff has failed to satisfy the most basic element of a breach of contract claim—the existence of a contract between the Parties." Id. at p. 9. In order to state a

claim for breach of contract, Plaintiff must allege: "(1) the existence of a valid contract and (2) breach of the terms of that contract." Poor v. Hill, 530 S.E.2d 838, 843 (N.C. Ct. App. 2000).

Here, the undersigned finds Defendant's arguments persuasive – Plaintiff's Complaint fails to allege the existence of a contract with PCL that creates a term of employment. Under North Carolina law, "in the absence of some form of contractual agreement between an employer and employee creating a definite period of employment, the employment is presumed to be an at-will employment, terminable at the will of either party, irrespective of the quality of the performance by the other party." Guarascio v. New Hanover Health Network, Inc., 592 S.E.2d 612, 614 (N.C. Ct. App. 2004) (internal quotations and citations omitted). Furthermore, "an at-will employee states no cause of action for breach of contract by alleging that he has been discharged without just cause." Id. Here, Plaintiff asserts in conclusory fashion that he had an employment contract with PCL in both verbal and text message form. See (Document No. 1-1, p. 8).

Without more to show the existence of an employment contract with PCL that created a term of employment for Plaintiff, Plaintiff is presumed to have been an at-will employee. And, as stated, at-will employees cannot succeed on a breach of contract claim for termination without cause. Indeed, the Court's examination of Plaintiff's Complaint reveals that the Complaint is so lacking in factual content that it simply fails to satisfy the Twombly and Iqbal standards. The Court finds that Plaintiff's Complaint contains the kind of "naked assertion[s]" against Defendant that are sorely lacking "further factual enhancement" such that it should be dismissed under Rule 12(b)(6). Iqbal, 556 U.S. at 678 (internal quotations and citations omitted). Therefore, the undersigned recommends that Plaintiff's claim for breach of contract be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

b. **Wrongful Termination**

Defendant further argues that Plaintiff similarly fails to state a claim for wrongful termination.  Defendant asserts that "Plaintiff was an at-will employee and the discharge of an at-will employee generally does not support an action for wrongful discharge."  (Document No. 5, p. 10).  As stated in the previous section, "[w]hen an employee has no definite term of employment, he is an employee at will and may be discharged without reason."  Gillis v. Montgomery Cty. Sheriff's Dep't, 663 S.E.2d 447, 449 (N.C. Ct. App. 2008).  There are three exceptions to the presumption of employment at-will, however.  Id.  The first, obviously, "occurs when an employee is employed pursuant to a contract for a definite term."  Id.  Clearly, Plaintiff fails to allege that he had a contract for a definite term.  The Complaint is sorely lacking in factual detail regarding any aspect of the verbal contract (allegedly memorialized through text message) that he contends governed his employment relationship with PCL.  See (Document No. 1-1, p. 8).

Plaintiff similarly fails to satisfy the other two exceptions to the employment at-will doctrine, and thus, he fails to state a claim for wrongful termination.  The other exceptions which would justify a presumption that an employee was *not* at-will would include "when the termination is in violation of state or federal anti-discrimination statutes," or "when the employee was terminated for reasons that would violate the public policy" of North Carolina.  Gillis, 663 S.E.2d at 449.  Plaintiff's Complaint undoubtedly fails to allege either of those two scenarios, and thus, the presumption that Plaintiff was an at-will employee remains intact.  For that reason, the undersigned respectfully recommends that Plaintiff's claim for wrongful termination be dismissed for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6);  see Considine v. Compass Grp. USA, Inc., 551 S.E.2d 179, 181 (N.C. Ct. App. 2001) ("[t]he discharge of an employee at will generally does not support an action for wrongful discharge in this state").

    c. **Negligence**

7

Case 3:20-cv-00515-RJC-DCK   Document 14   Filed 09/03/21   Page 7 of 11

Defendant argues in closing that Plaintiff's negligence claim should be dismissed under Rule 12(b)(6) because "while the face of Plaintiff's Complaint cites a claim for negligence, Plaintiff provides no support for this cause of action." (Document No. 5, p. 11). Defendant further asserts that "Plaintiff fails to satisfy even the first element of a negligence claim, as he does not identify any duty owed to him by Defendant." Id.

After examination of Plaintiff's Complaint, the undersigned is persuaded by Defendant's argument. It is not clear what set of facts supports Plaintiff's negligence claim, and it is difficult to understand what Plaintiff is alleging occurred at all (much less how Defendant acted in a way so as to support a negligence claim). In order to successfully allege a negligence claim so as to survive a motion to dismiss, Plaintiff must allege four elements: "(1) the defendant owed the plaintiff a duty of care; (2) the defendant's conduct breached that duty; (3) the breach was the actual and proximate cause of the plaintiff's injury; and (4) damages resulted from the injury." Bostic Packaging, Inc. v. City of Monroe, 562 S.E.2d 75, 79 (N.C. Ct. App. 2002). The undersigned finds that the factual content in Plaintiff's Complaint does not satisfy any of these elements of a negligence claim. Therefore, the undersigned respectfully recommends that Plaintiff's negligence claim be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

2. **Process, Service of Process, and Personal Jurisdiction Issues**

Defendant further argues that Plaintiff's Complaint should be dismissed for deficient process under Fed.R.Civ.P. 12(b)(4) and deficient service of process under Fed.R.Civ.P. 12(b)(5). (Document No. 5, pp. 4-7). For the reasons that Defendant outlines in its brief, the undersigned is persuaded that the Court has ample reason to dismiss Plaintiff's Complaint. As Defendant notes, "Plaintiff's Summons simply names 'PCL Construction' as the defendant and fails to specify any individual to receive service on that entity's behalf." Id. at p. 5. Furthermore, "Plaintiff did not

direct the Summons to an individual at all, but rather a corporate entity." Id. Thus, it is of no moment that Plaintiff "apparently deposited [the Summons and Complaint] with a delivery service," as the documents were "nonetheless not addressed to an officer, director, or agent of PCL Construction, Inc.," as is required both by North Carolina Rule 4 and the Federal Rules. See Fed.R.Civ.P. 4(h)(1)(B); N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)(a)-(d). Neither North Carolina law nor the Federal Rules of Civil Procedure permit the Summons to be addressed to the corporate entity itself; rather, a specific individual must be named.

The undersigned is therefore persuaded by Defendant's arguments that not only does Rule 12(b)(6) provide grounds for dismissal of Plaintiff's Complaint, but so, too, should the undersigned respectfully recommend that the Complaint be dismissed pursuant to Rule 12(b)(2), Rule 12(b)(4), and Rule 12(b)(5) for lack of personal jurisdiction, deficient process, and deficient service of process. See Blakeney v. Goulston Techs., 2020 WL 5821979, at *1 (W.D.N.C. Sept. 30, 2020) ("[c]ourts may not exercise personal jurisdiction over a defendant where the procedural requirements of service or the summons are not satisfied"); Felder v. Duke Energy Carolinas, LLC, 2018 WL 3381435, at *1 (W.D.N.C. Mar. 22, 2018) (recommending that the complaint be dismissed pursuant to Rule 12(b)(4) where the plaintiff directed his summons at the corporation generally rather than to a specific individual at the corporation); and Lane v. Winn-Dixie Charlotte, Inc., 609 S.E.2d 456, (N.C. Ct. App. 2005) (affirming the trial court's dismissal of Plaintiff's Complaint because "[t]he summons failed to designate any person authorized to be served on behalf of the corporation"). Moreover, particularly in light of Plaintiff's failure to respond to Defendant's motion to dismiss – even after receiving the Roseboro notice – the

9

undersigned finds that there is ample support for the recommendation that Plaintiff's Complaint be dismissed.[2]

**Motion For Default Judgment**

Plaintiff filed a Motion For Default Judgment (Document No. 7) on November 12, 2020. Defendant contends in its "Opposition To Plaintiff's Motion For Default Judgment" that default judgment would be inappropriate since Defendant "has not only appeared in this lawsuit, but has also respectfully moved to dismiss Plaintiff's Complaint." (Document No. 10, p. 3). The undersigned agrees with Defendant. Defendant is evidently not in default in this case, for default is appropriate only where a defendant "has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a); United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) ("Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules."). Therefore, the undersigned respectfully recommends that Plaintiff's Motion For Default Judgment (Document No. 7) be denied.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant PCL Construction, Inc.'s Motion To Dismiss Plaintiff's Complaint" (Document No. 4) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Default Judgment (Document No. 7) be **DENIED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact,

---

[2] According to the Court's November 3, 2020 Roseboro Notice, "[f]ailure to file a timely and persuasive response will likely lead to the dismissal of this lawsuit." (Document No. 6).

conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: September 2, 2021

David C. Keesler
United States Magistrate Judge